FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
9/28/2023 4:07 PM
KATHLEEN VIGIL CLERK OF THE COURT
Amy T Ruiz

**STATE OF NEW MEXICO**
**COUNTY OF SANTA FE**
**FIRST JUDICIAL DISTRICT COURT**

ALVARO ONTIVEROS,
Individually.
   *Plaintiff,*

v.                                           No.   D-101-CV-2023-02387

                                             Case assigned to Mathew, Francis J.

JESSICA ARREOLA D/B/A JA MORARR
TRUCKING, And CHRISTOPHER ANDRADE
   *Defendants*.

### PLAINTIFF'S ORIGINAL COMPLAINT FOR PERSONAL INJURIES

COMES NOW Plaintiff, Alvaro Ontiveros, complaining of Jessica Arreola d/b/a JA Morarr Trucking and Christopher Andrade, Defendants, and would respectfully show the Court as follows:

### I.  PARTIES

1. Plaintiff is a resident of Lea County, New Mexico.

2. Upon information and belief, at all times material hereto, Defendant Jessica Arreola d/b/a JA Morarr Trucking (hereinafter referred to as "Defendant JA Morarr Trucking") is a an individual conducting business in this state before, during, and after the incident in question. Defendant JA Morarr Trucking has not designated a statutory agent upon whom service can be made. As a result of these intentional, substantial, continuous and systematic contacts within New Mexico, this Court has personal jurisdiction over Defendant JA Morarr Trucking as to all claims arising from those contacts. Defendant Jessica Arreola d/b/a JA Morarr Trucking may be personally served with summons at her last known address, 3728 30th Street, Odessa, Texas 79764, or wherever she may be found.

3.      Upon information and belief, at all times material hereto, Defendant Christopher Andrade (hereinafter referred to as "Defendant Andrade") is an individual who resides in Ector County, Texas, and is an employee of Defendant JA Morarr Trucking. Defendant Andrade may be personally served with summons at his last known residence at 3728 30th Street, Odessa, Texas 79764.

## II. JURISDICTION AND VENUE

4.      The allegations of the preceding and succeeding paragraphs are incorporated herein by this reference.

5.      This Court has jurisdiction over this cause of action because the events and occurrences giving rise to the crash and injuries of Plaintiff occurred in the State of New Mexico. Additionally, venue is proper in Santa Fe, Santa Fe County, New Mexico, as Defendant Jessica Arreola d/b/a JA Morarr Trucking and Defendant Andrade are non-residents. Therefore, jurisdiction and venue are proper in the District Court of Santa Fe, Santa Fe County, New Mexico, pursuant to N.M.S.A 38-3-1(F).

## III. GENERAL ALLEGATIONS

6.      The allegations of the preceding and succeeding paragraphs are incorporated herein by this reference.

7.      Upon information and belief, on or about September 15, 2023, Defendant JA Morarr Trucking's driver, Defendant Andrade, was turning left from Marathon Road onto Highway 62 in Lea County, New Mexico. Defendants' semi-truck, a 2010 International, towed a sand hauler trailer. Defendant Andrade turned when unsafe and failed to yield the right-of-way to Plaintiff, who was westbound on Highway 62. Plaintiff was driving a 2005 Lexus sedan. Due to Defendant Andrade's improper turn, Plaintiff's vehicle violently collided with Defendants' trailer, which

sheared off the top of Plaintiff's vehicle.  Defendant Andrade left the scene of the crash on foot following the collision.

8. Plaintiff suffered severe injuries as a result of this crash.

## IV.  ALLEGATIONS AGAINST DEFENDANT JA MORARR TRUCKING AND DEFENDANT ANDRADE

9. The allegations of the preceding and succeeding paragraphs are incorporated herein by reference for all purposes.

### Negligence

10. Defendant Andrade had a duty to exercise the degree of care that a reasonably prudent person would use to avoid harm to others under circumstances similar to those described herein. Plaintiff's injuries and damages were caused by Defendant Andrade's negligent, careless, and reckless disregard of said duty.  Defendant Andrade's breach of this duty consisted of, but is not limited to, the following acts and omissions:

   a. Failing to yield the right-of-way;

   b. Driving while distracted;

   c. Failing to remain alert and pay proper attention;

   d. Driving carelessly; and

   e. Turning when unsafe.

### Negligence *Per Se*

11. At all times pertinent hereto, there were, in force and effect, state and federal statutes enacted for the public's safety, including Plaintiff.

12. The Federal Motor Carrier Safety Act adopted regulations, hereinafter referred to as "FMCSR," that apply to all trucks engaged in interstate commerce, including trucks operated by

Defendant JA Morarr Trucking.

13.   In addition, the New Mexico State Motor Carrier Safety Act and Traffic Laws apply to such trucks operating within the State of New Mexico.

14.   At the time of the aforesaid collision, there were in force and effect FMCSR regulations that may have been violated by Defendants JA Morarr Trucking and Andrade, including but not limited to the following:

      A.  FMCSR 392.80 regarding prohibition against texting;

      B.  FMCSR 392.82 regarding hand-held mobile telephones;

      C.  FMCSR 392.6 regarding schedules to conform to speed limits;

      D.  FMCSR 395.3 regarding maximum driving time;

      E.  FMCSR 383.35 and 391.23 regarding background investigation of drivers;

      F.  FMCSR 391.11 regarding driver qualifications;

      G.  FMCSR 391.13 regarding driver training;

      H.  FMCSR 391.25 regarding annual review of driver safety;

      I.  FMCSR 391.27 regarding annual reports of driving violations;

      J.  FMCSR 391.31 regarding driver road testing;

      K.  FMCSR 391.51 regarding qualification and records files;

      L.  FMCSR 395.3 regarding hours of operation;

      M.  FMCSR 395.8 regarding driver duty status logs;

      N.  FMCSR 383.110 regarding general knowledge;

      O.  FMCSR 383.111 regarding required knowledge;

      P.  FMCSR 383.113 regarding required skills; and

Q. Any additional regulations or statutes that are revealed as violated during discovery as this case progresses.

15. At the time of the aforesaid improper driving, there were in force and effect New Mexico State Statutes that were violated by Defendants JA Morarr Trucking and Andrade, including but not limited to the following:

a. 66-7-374 NMSA (2014) – texting while driving;

b. 66-7-375 NMSA (2016) Use of a handheld mobile communication device while driving a commercial motor vehicle.

c. 66-7-345(C) NMSA (1978) – requiring that drivers at stop signs at stop signs;

d. 66-7-330(B) NMSA (1978) – requiring that drivers at stop signs shall yield the right-of-way at intersections to any vehicle which has entered the intersection or is approaching so closely on the highway as to constitute an immediate hazard during the time when the driver is moving across or within the intersection;

e. 66-8-113 NMSA (1978) – reckless driving;

f. 66-8-114 NMSA (1978) – careless driving;

g. 65-3-11 NMSA (1978) – hours of service of drivers which includes but shall not be limited to maximum driving and on duty time, travel time, maintenance of a driver's log or record of duty status;

h. 65-3-7 NMSA (1978) – qualifications of drivers;

i. 65-3-8 NMSA (1978) – equipment; loading; driving; unsafe practices; and

j. 65-3-9 NMSA (1978) – commercial motor vehicles; equipment; regulations.

16. These sections create standards of conduct, and Defendants JA Morarr Trucking's and Andrade's conduct represent unexcused violations of these standards. Plaintiff belongs to the class of persons these statutes were meant to protect. Therefore, because of these violations, Defendants JA Morarr Trucking and Andrade are guilty of negligence *per se*.

17. Defendants JA Morarr Trucking's and Andrade's negligence per se was a cause of the

subject incident, the personal injuries sustained by Plaintiff, and the damages sought by Plaintiff herein.

**Negligent Entrustment, Hiring, Supervision, Training and Retention**

18. Upon information and belief, the vehicle driven by Defendant Andrade was negligently entrusted to him by Defendant JA Morarr Trucking.

19. Defendant Andrade was an employee of Defendant JA Morarr Trucking and acted within the course and scope of his employment at the time of the crash. Defendant JA Morarr Trucking is vicariously liable for the acts or omissions of Defendant Andrade.

20. Defendant JA Morarr Trucking is responsible for the hiring, supervision, and training of its employees, including Defendant Andrade, to ensure the proper execution of its drivers' job duties.

21. Defendant JA Morarr Trucking had a duty of care to hire, supervise, and train its employees, including Defendant Andrade, to operate its vehicles in a reasonable and safe manner.

22. Defendant JA Morarr Trucking breached its duty to exercise reasonable care. It acted negligently and carelessly in hiring, supervising, and training Defendant Andrade for the duties that Defendant JA Morarr Trucking could foresee and expect Defendant Andrade to perform during his employment.

**Punitive Damages**

23. Defendants JA Morarr Trucking's Andrade's conduct as stated above, was intentional, malicious, willful, reckless and/or wanton, as those terms are defined in New Mexico law justifying an award of punitive damages.

24. Defendant Andrade and Defendant JA Morarr Trucking's employees, officers, principals and/or vice-principals were acting in the scope and course of their employment, and they had sufficient discretionary authority to speak and act for Defendant JA Morarr Trucking about the

conduct at issue, independent of higher authority and were, therefore, acting with managerial capacity.

25. Defendant JA Morarr Trucking further authorized, participated in, or ratified the conduct of Defendant Andrade and its employees, officers, principals and/or vice-principals. Therefore, Defendant JA Morarr Trucking is vicariously liable for punitive damages based upon its authorization, participation, and/or ratification of the conduct of its driver, employees, officers, principals, and vice-principals.

26. Defendant JA Morarr Trucking's conduct, as stated above, was intentional, malicious, willful, reckless and/or wanton, as those terms are defined in New Mexico law justifying an award of punitive damages.

27. Plaintiff is entitled to an award of punitive damages against Defendants Andrade and JA Morarr Trucking.

## V. COMPENSATORY DAMAGES

28. The allegations of the preceding and succeeding paragraphs are incorporated herein by reference for all purposes.

29. Plaintiff seeks all damages to which they are justly entitled under New Mexico law in such amounts allowed by law and as determined by the fact finders in this case, as well as any and all such other damages or other relief available under New Mexico law as determined appropriate by the Court.

**Damages**

30. The allegations of the preceding and succeeding paragraphs are incorporated herein by reference for all purposes. Plaintiff seeks all damages to which he is justly entitled under New Mexico law.

31.  As a result of Defendants JA Morarr Trucking's and Defendant Andrade's negligence, Plaintiff has sustained personal injuries and damages including:

   a. Pain and suffering experienced and reasonably certain to be experienced in the future as a result of the injury;

   b. Permanent physical disability and disfigurement;

   c. Loss of enjoyment of life experienced and reasonably certain to be experienced in the future as a result of the injury;

   d. Mental anguish and distress experienced and reasonably certain to be experienced in the future as a result of the injury;

   e. Lost earnings and the present cash value of earning capacity reasonably certain to be lost in the future;

   f. Incurred debts for necessary medical care, treatment and services received and the present cash value of medical care, treatment and services reasonably certain to be received in the future; and

   g. Necessary nonmedical expenses which have been required as a result of the injury and the present cash value of such nonmedical expenses reasonably certain to be required in the future.

## VI.  PRAYER FOR RELIEF

32.  Plaintiff prays for judgment in their favor and against Defendants for damages described herein; prejudgment and post-judgment interest at the highest rate allowed by law and from the earliest date allowed by law; if the evidence permits, an award of punitive damages against Defendants Andrade and JA Morarr Trucking; for costs of suit and such other and further relief as the Court deems just and proper.

Respectfully submitted,

                                                */s/ Kenny Morris*_____
                                                Kenny Morris
                                                GLASHEEN, VALLES, & INDERMAN, LLP
                                                1302 Texas Avenue (79401)
                                                P.O. Box 1976
                                                Lubbock, Texas 79408
                                                Tel: (806) 776-1330
                                                Fax: (806) 705-7755
                                                Email: efile.kenny.morris@gvilaw.com
                                                **ATTORNEYS FOR PLAINTIFF**